UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.  4:10-CV-01521-HEA |
| v ) | |
| ) | |
| KENNETH L. ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**EDWARD J. HARPER'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Lieutenant Edward J. Harper, hereby amends his answers and affirmative defenses to Plaintiff, Stanley Joseph's First Amended Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore deny.

2. Defendant Harper admits he is a citizen of the United States and the State of Missouri.  Defendant Harper is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and therefore deny.

3. Defendant admits venue is proper. Defendant neither admits nor denies the remaining allegations contained in paragraph 3 as they constitute legal conclusions by Plaintiff.

4. Defendant Harper admits he is a Lieutenant  with the St. Louis Metropolitan Police Department. Defendant neither admits nor denies the remaining allegations

contained in paragraph 4 as they constitute legal conclusions by Plaintiff and are not directed toward this Defendant.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore deny.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore deny.

7. Defendant Harper admits he responded to 400 N. 4th Street in St. Louis City on February 3, 2008.

8. Defendant admits Plaintiff was arrested on February 3, 2008.

9. Defendant admits Plaintiff was charged with assault 1st degree.

## COUNT I
### (Deprivation of Civil Rights)

10. Defendant incorporates each and every answer to each and every allegation made by plaintiff contained in paragraphs 1 through 9 of this Amended Complaint as though fully set forth herein.

11. Defendant makes no response to the remaining paragraphs of Count I of Plaintiff's Amended Complaint, as it does not appear directed to Defendant. To the extent any part of paragraphs 11 – 18 of Count I is deemed directed at Defendant, Defendant answers as follows: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 – 18 and therefore, deny.

## COUNT II
### (False Arrest)

19. Defendant incorporates each and every answer to each and every

allegation made by plaintiff contained in paragraphs 1 through 18 of this Amended Complaint as though fully set forth herein.

20. Defendant makes no response to the remaining paragraphs of Count II of Plaintiff's Amended Complaint, as it does not appear directed to Defendant. To the extent any part of paragraphs 20 – 25 of Count II is deemed directed at Defendant, Defendant answers as follows: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19 – 25 and therefore, deny.

## COUNT III
### (Malicious Prosecution)

26. Defendant incorporates each and every answer to each and every Allegation made by plaintiff contained in paragraphs 1 through 25 of this Amended Complaint as though fully set forth herein.

27. Defendant makes no response to the remaining paragraphs of Count III of Plaintiff's Amended Complaint, as it does not appear directed to Defendant. To the extent any part of paragraphs 27 – 33 of Count III is deemed directed at Defendant, Defendant answers as follows: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 27 – 33 and therefore, deny.

## COUNT IV
### (Malicious Prosecution – Latavia Jones)

34. Defendant incorporates each and every answer to each and every Allegation made by plaintiff contained in paragraphs 1 through 33 of this Amended Complaint as though fully set forth herein.

35. Defendant makes no response to the remaining paragraphs of Count IV of Plaintiff's Amended Complaint, as it does not appear directed to Defendant. To the extent any part of paragraphs 35 – 43 of Count IV is deemed directed at Defendant, Defendant answers as follows: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 35 – 43 and therefore, deny.

COUNT V<br>(Deprivation of Civil Rights – Edward Harper)

44. Defendant incorporates each and every answer to each and every Allegation made by plaintiff contained in paragraphs 1 through 43 of this Amended Complaint as though fully set forth herein.

45. Defendant neither admits nor denies the allegations contained in paragraph 45 as they constitute legal conclusions by Plaintiff.

46. Deny.

47. Deny.

48. Deny.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and therefore deny.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore deny.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore deny.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and therefore deny.

## COUNT VI
### (False Arrest – Edward Harper)

53. Defendant incorporates each and every answer to each and every Allegation made by plaintiff contained in paragraphs 1 through 52 of this Amended Complaint as though fully set forth herein.

54. Defendant neither admits nor denies the allegations contained in paragraph 20 as they constitute legal conclusions by Plaintiff.

55. Deny.

56. Deny.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore deny.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and therefore deny.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore deny.

## COUNT VII
### (Malicious Prosecution – Edward Harper)

60. Defendant incorporates each and every answer to each and every Allegation made by plaintiff contained in paragraphs 1 through 59 of this Amended Complaint as though fully set forth herein.

61. Defendant neither admits nor denies the allegations contained in paragraph 27 as they constitute legal conclusions by Plaintiff.

62. Deny.

63. Deny.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 and therefore deny.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 and therefore deny.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 and therefore deny.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and therefore deny.

## JURY DEMAND

Defendant demands a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSE

1. Plaintiff failed to state a claim upon which relief can be granted and his Amended Complaint should be dismissed.

2. Plaintiff's state law claims are barred because Defendants are protected from liability by the doctrine of official immunity and the public duty doctrine.

3. Plaintiff failed to mitigate his damages.

4. Defendants had justification for the detention and arrest of Plaintiff based on probable cause.

5. Plaintiff is not entitled to punitive damages because he cannot show that the actions of Defendants were done with evil motive or reckless indifference.

6. Defendant is protected from liability and suit by the doctrine of qualified immunity because any and all actions taken by him in regard to plaintiff were done under the reasonable and good faith belief that said actions were constitutional.

7. In further defense, Defendant incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case.  Said Defendant specifically reserves the right to amend their answer to include affirmative defenses at the time they are discovered.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, defendant respectfully request that this court issue its Order dismissing Plaintiff's Amended Complaint; assessing costs against Plaintiff; and granting any further relief as this Court deems appropriate.

Respectfully submitted,

CHRIS KOSTER
Attorney General

/s/  Dana Walker Tucker
Dana Walker Tucker, #57248
Chief Counsel, Eastern Region
Office of the Missouri Attorney General
P. O. Box 861
St. Louis, Missouri  63188
Telephone:  314.340.7652
Facsimile:   314.340.7891
Dana.Tucker@ago.mo.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of January 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Courts electronic filing system to:

Matthew J. Devoti #84877
10 South Broadway, Suite 825
St. Louis, Missouri 63102
*Attorney for Plaintiff*

Cynthia D. West, #5245758
Neighborhood Nonprofit Law Center
7182 Manchester Road
St. Louis, MO 63143
*Attorney for Defendant Jones*

                                            */s/ Dana Walker Tucker*
                                            Chief Counsel, Eastern Region