UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.  4:10-cv-01521-HEA |
| v ) | |
| ) | |
| KENNETH L. ALLEN, et al ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Kenneth Allen (Officer Allen) and Lieutenant Edward Harper (Lt. Harper) ("Defendants"), by and through counsel, file this Reply to plaintiff's Memorandum in Opposition to their Motion for Summary Judgment.  Defendants state as follows:

**DEFENDANTS' RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF
UNCONTROVERTED MATERIAL FACTS**

Defendants deny, for the reasons set forth in their motion for summary judgment, memo in support (Docs.#45 and 46) and below, Plaintiff's statement of uncontroverted facts contains any allegations of material fact. Defendants further respond to Plaintiff's Statement as follows.

1. Uncontroverted.[1]

2.  Uncontroverted.

3.  The paragraph referenced herein to the deposition testimony of Stanley Joseph speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

4.  It is uncontroverted that the language on the 911 tape involving this incident speaks for itself.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

---

[1] Any uncontroverted  facts admitted herein are admitted for the purposes of summary judgment only. Indeed, for the reasons set forth herein, Plaintiff's claims fail as a matter of law.

1

5. The paragraph referenced herein regarding the content of the language contained in the the 911 involving this incident speaks for itself. Defendants cannot state with certainty the accuracy of the emotions of any of the subjects voices contained in the recording. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

6. The paragraph referenced herein to the deposition testimony of Stanley Joseph speaks for itself. Defendants cannot state with certainty the accuracy of such statement. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

7. The paragraph referenced herein to the deposition testimony of Stanley Joseph speaks for itself. Defendants cannot state with certainty the accuracy of such statement. It is uncontroverted that the language on the 911 tape involving this incident speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

8. It is uncontroverted that the entry in the St. Louis Metropolitan Incident Report regarding the arrival time of Officer Kenneth Allen speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

9. Uncontroverted.

10. The paragraph referenced herein to the deposition testimony of Jon Jordan speaks for itself. Defendants cannot state with certainty the accuracy of such statement. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

11. Uncontroverted.

12. Deny. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

13. The paragraph referenced herein to the deposition testimony of Kenneth Allen speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

14. Uncontroverted.

15. Uncontroverted.

16. The paragraph referenced herein to the deposition testimony of Stanley Joseph speaks for itself. Defendants cannot state with certainty the accuracy of such statement. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

17. The paragraph referenced herein to the deposition testimony of Stanley Joseph speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

18-34.  Paragraph 18 – 34 referenced herein to the deposition testimony of Jon Jordan speak for themselves.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

35. The paragraph referenced herein to the deposition testimony of Latavia Jones and Jon Jordan speaks for themselves.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

36. The paragraph referenced herein to the deposition testimony of Stanley Joseph speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

37. The paragraph referenced herein to the deposition testimony of Stanley Joseph speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

38-48.  Paragraphs 38-48 referenced herein to the deposition testimony of Jon Jordan speaks for themselves.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

49. Uncontroverted.

50. Uncontroverted.

51. The paragraph referenced herein to the deposition testimony of Charles Proctor Speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

52. The paragraph referenced herein to the deposition testimony of Charles Proctor speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

53. The paragraph referenced herein to the deposition testimony of Charles Proctor

speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

54. The paragraph referenced herein to the deposition testimony of Latavia Jones speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

55. Uncontroverted.

56. Uncontroverted.

57. Uncontroverted.

58. The paragraph referenced herein to the deposition testimony of Edward Harper speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

59. The paragraph referenced herein to the deposition testimony of Jon Jordan speaks for itself.  Defendants cannot state with certainty the accuracy of such statement.  Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

60. The paragraph referenced herein relating to the language St. Louis Metropolitan Police Incident Report speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

61. The paragraph referenced herein relating to the language in the St. Louis Metropolitan Police Incident Report speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

62. The paragraph referenced herein relating to the language in the St. Louis Metropolitan Police Incident Report speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

63. The paragraph referenced herein relating to the language in the St. Louis Metropolitan Police Incident Report speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

64. The paragraph referenced herein relating to the language in the St. Louis Metropolitan Police Incident Report speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

65. The paragraph referenced herein relating to the language in the St. Louis

Metropolitan Police Incident Report speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

66. The paragraph referenced herein relating to the language in the St. Louis Metropolitan Police Incident Report speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

67. Uncontroverted.

68. The paragraph referenced herein relating to the language in the St. Louis Metropolitan Police Incident Report speaks for itself. Defendants deny that this or any of Plaintiff's other allegations create a material issue of fact as to Plaintiff's claims against them.

## ARGUMENT

I. **Suggestions in Support**

By its terms, [Rule 56(c)(1)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact. Hufsmith v. Weaver, 817 F.2d 455, 460 n.7 (8th Cir. 1987)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis added by Supreme Court)). Material facts are those that might affect the outcome of the suit under the governing law. . . . "[A]a genuine material fact is one such that a reasonable jury could return a verdict for the nonmoving party." Id. Further, if the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
As explained below, Plaintiff fails to show evidence demonstrating a material issue of fact remains to be decided in this case regarding Defendants.

5

## II. Qualified Immunity

In this case, Defendants were police officers performing discretionary functions and thus are shielded from liability for damages. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Plaintiff's mere allegations that Defendants' actions violated his constitutional rights are insufficient to prove otherwise because as long as there is a "legitimate question" as to whether the official's conduct was lawful, qualified immunity should apply. Arcoren v. Peters, 829 F.2d 671, 676 (8th Cir. 1987) (en banc), cert. denied, 485 U.S. 987 (1988). Once qualified immunity is claimed by the defendants, the burden rests on the plaintiff, in opposing a motion for summary judgment, to show a genuine dispute of material fact or question of law. Williams v. Kelson, 201 F.3d 1060, 1064 (8th Cir. 2000). Plaintiff's response in opposition to Defendants' motion for summary judgment fails in this regard.

### A. The Concept of "Probable Cause"

Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest and exists if "the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed ... an offense at the time of the arrest." Smithson v. Aldrich, 235 F.3d 1058, 1062 (8th Cir. 2000). Whether Defendants had probable cause at the times of plaintiff's arrest is a question of law for a court to decide. Fisher v. Wal–Mart Stores, Inc., 619 F.3d. 811, 816-817 (8th Cir. 2010).

Defendants agree Plaintiff's Complaint alleges Fourth Amendment right violations by Defendants for the wrongful arrest of Plaintiff. However, the facts of this case clearly establish Defendants did have probable cause and did act appropriately under the circumstances. Plaintiff cites various cases in support of their lack of probable cause theory, but seems to rely heavily on

6

Kuehl v. Burtis, 173 S.W.3d 646 (8th. Cir. 1999). In Kuehl, the arrestee was successful in bringing a 1983 action against a police officer alleging the officer arrested her without probable cause because of the existence of an eye witness. At first glance Kuehl may seem to be analogous to the case at bar, but once the facts of the case are revealed it is apparent that the relevant factors of these two cases are clearly distinguishable.

In Kuehl, an African American male was offended when he thought the store owner was following him around the store. Id. at 648. In response, the male approached the store owner pushed him and cursed him. Id. The male's behavior and size over the store owner caused the store owner great fear. Id. Despite the store owner's attempt to retreat, the male continued to approach the store owner in an aggressive manner. Id. While trying to reach a phone, the store owner inadvertently struck the male causing a bruise. Id. In return, the male struck the store owner with a closed fist and knocked him eight feet through the air causing pronounced facial bruising. Id. This entire exchange was being witnessed by the store owner's employee while another employee called for security. Id. When the officers arrived, he refused to listen to the only eye witness who actually saw the entire altercation. Id. The officer then arrested the store owner. Id. at 649. The store owner later sued and the eighth circuit court affirmed the store owner's arrest was wrongful based on the fact the officer failed to consider evidence that negated the store owner committed a crime. Id at 650. The officer failed to interview the store employee who witnessed the entire exchange and could explain who the aggressor was in fact. Id. at 651. That is absolutely not the situation in the case at bar.

In this case there was no eyewitness. Instead when Officer Allen arrived on the scene he personally heard loud arguing. (Def's Ex B, Deposition of Kenneth Allen page 50 ¶¶ 7-15). He observed Plaintiff standing in the hallway with a knife in one hand and the phone in the other.

7

(Def's Ex B, Deposition of Kenneth Allen page 50 and 51 ¶¶ 23-1).  He continued to hear yelling and screaming coming from the apartment doorway as he approached Plaintiff in the hallway. (Def's Ex B, Deposition of Kenneth Allen page 52 ¶¶ 3-23).  After retrieving the knife from Plaintiff without incident, he witnessed Plaintiff and Jones continuing to engage in an argument. (Def's Ex B, Deposition of Kenneth Allen page 55 ¶¶ 5-7).  As he approached the door way into the apartment he observed Jones in a ripped t-shirt yelling and crying.  (Def's Ex B, Deposition of Kenneth Allen page 57 and 58 ¶¶ 24-2).  During the questioning of Jones he observed the cut on Jones' arm.  (Def's Ex B, Deposition of Kenneth Allen page 77 ¶¶ 2-7).

    Despite Officer Allen's firsthand observations at the scene, Plaintiff would like this court to believe Officer Allen did not have probable cause to arrest and instead should have relied on the testimony of an individual that did not witness any actual altercation between Plaintiff and Jones, could not offer any firsthand knowledge as to who the aggressor was or negate any information as to why Defendants should not have arrested Plaintiff.  (Def's Ex. D, Deposition of Jon Jordan page 71 ¶ 2 , page 42 ¶¶ 13-15 and page 57 ¶¶ 4-9).  Jordan did not see what occurred inside Plaintiff's apartment when the door was closed and he heard yelling.  (Def's Ex. D, Deposition of Jon Jordan page 39 ¶¶ ¶ 6-21).  He didn't know how the fight got started. (Def's Ex. D , Deposition of Jon Jordan page 57 ¶¶ 1-3).  He didn't see any actual fighting.  (Def's Ex. D, Deposition of Jon Jordan page 52 ¶¶ 12-14).  He didn't know whether Plaintiff cut Jones or not.  (Def's Ex D, Deposition of Jon Jordan page 71 ¶ 2 , page 42 ¶¶ 13-15 and page 57 ¶¶ 4-9). He never saw a knife.  (Def's Ex D, Deposition of Jon Jordan page 53 ¶¶ 4-8).  He didn't know how Jones' received a cut.  (Def's Ex. D, Deposition of Jon Jordan page 42 ¶¶ 13-15).

    Under the circumstances as Officer Allen witnessed, he had sufficient firsthand knowledge and probable cause to arrest Plaintiff for assault, including being called to the scene

of a domestic complaint, arriving at the scene and hearing arguing, seeing a knife in the presence of Plaintiff, seeing Jones in torn clothes and with a cut on her arm.  Based on the circumstances, a reasonable police officer could come to the conclusion that Plaintiff committed an offense and probable cause existed for the arrest.  Thus, based on the totality of the circumstances, Officer Allen and Lt. Harper had probable cause and Plaintiff's arrest was warranted.  Also, based on these objective findings, neither Officer Allen's nor Lt. Harper's actions were so outrageous that they would shock the conscious or be offensive to human dignity.  Officer Allen and Lt. Harper came to the scene as Plaintiff expected they would when he called 911 and did exactly what they were trained to do as police officers.  The simple fact that Plaintiff, not Jones, actually made the 911 call did not impose an automatic duty on Officer Allen and Lt. Harper to arrest Jones.  There is no case law that is supportive of such a notion.

### B.  The Fourth Amendment Protection against Malicious Prosecution

In addition to the fact that the substantive due process clause does not embrace a right to be free from "malicious prosecution," See Albright v. Oliver, 510 U.S. 274-275 (1994), the Eighth Circuit has consistently held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.  Kurtz v. City of Shrewsbury, 245 F.3d 753, 757 (8th Cir. 2001).  Thus, Plaintiff's mere allegations of malicious prosecution without more, do not provide grounds for a federal claim under the Fourth Amendment.  Id. at 758. In addition, Plaintiff's simple request asking this Court to disregard years of precedence and adopt other federal circuit's positions lacks justification for this Court to do anything other than what it has consistently and rightfully done.

9

### III. Immunities Applicable to the State Law Claims of False Arrest & Malicious Prosecution

A police officer who has probable cause to believe that a suspect has committed a crime is not liable for the state law tort of false arrest simply because the suspect is later proven innocent. Hannah v. City of Overland, 795 F.2d 1385, 1389 (8th Cir. 1986). Based on the facts of this case, sufficient justification existed to arrest Plaintiff. Officer Allen observed Plaintiff standing in the hallway with a knife. (Def's Ex B, Deposition of Kenneth Allen page 50 and 51 ¶¶ 23-1). Officer Allen observed Jones in a ripped t-shirt yelling and upset. (Def's Ex B, Deposition of Kenneth Allen page 57 and 58 ¶¶ 24-2). (Def's Ex A, Deposition of Latavia Jones page 96 ¶¶ 8-13) and Officer Allen observed a cut on co defendant's arm. (Def's Ex B, Deposition of Kenneth Allen page 77 ¶¶ 2-7). Without eyewitness testimony to the contrary, these undisputed facts tend to support the inference that Plaintiff was the primary aggressor and that Jones was injured by Plaintiff in an assault, thus, justifying the arrest of Plaintiff. Plaintiff's attempt at a false arrest claim fails.

Plaintiff's attempt at a state law claim of malicious prosecution also fails. An action for malicious prosecution under Missouri law must show that the prosecution lacked probable cause to survive summary judgment. See Sanders v. Daniel Int'l Corp., 682 S.W.2d 803, 807 (Mo.1984). Malicious prosecution also requires a showing that defendant's conduct was actuated by malice. Id. Legal malice is defined as any improper motive, and thus, a plaintiff must prove that a defendant initiated prosecution for purposes other than bringing an offender to justice. Id. Based on the facts referenced above, probable cause to arrest existed at the time Defendants made the arrest. More importantly, there has been no evidence offered by Plaintiff of malice or that Defendants actions were initiated for any purpose other than bringing Joseph to justice.

10

### A. Official Immunity

Plaintiff refers to language in <u>Rustici v. Weidemeyer</u>, 673 S.W.2d 762 (Mo.banc 1996) in support of his position that the arrest of a person by a police officer is not a discretionary act, but rather a ministerial act and therefore an officer would not be entitled to the defense of official immunity.

First of all, the language Plaintiff suggest supports his position is dicta. It is not the holding in <u>Rustici</u>. The <u>Rustici</u> case turned on the necessity of a warrant by a municipal police officer making an arrest outside his jurisdiction for a violation of a municipal parking ordinance under the particular circumstances presented. Id. at 765. In its reversal of the lower court's decision, the <u>Rustici</u> court basically indicated that the officer's responsibility in confirming the accuracy of a warrant before effectuating an arrest when there was evidence that the warrant was improper was a ministerial function. Due to the officer's failure to conduct such a ministerial function prior to the arrest, the exercise of which was a clerical nature, he was not protected from liability under official immunity. There was no general holding in this case that arrest by police officers were not discretionary and thus a defense of official immunity is not available to an arresting police officer as Plaintiff suggest.

Plaintiff also infers in his response that Defendants were charged with making a false arrest and as a result, official immunity is not an available defense for Defendants. There has not been a shred of evidence that Defendants have been charged with making a false arrest. To the absolute contrary, the record is replete with evidence that Defendants had sufficient probable cause and justification to arrest Plaintiff. Plaintiff goes on to infer Defendants acts were willful wrong, malicious and corrupt and as a result are not entitled to official immunity. Once again,

Plaintiff is making general sweeping conclusions without a shred of evidence to support such allegations.

The doctrine of official immunity is well-established Missouri law.  McGuckin v. City of St. Louis, 910 S.W.2d 842, 844 (Mo.App., E.D. 1995).  The very purpose of official immunity is to protect individual police officers who despite imperfect information exercise discretion in performance of their duties.  Newson v. City of Kansas City, 606 S.W.2d 487, 490-91 (Mo.App., W.D. 1980).  Deciding to arrest someone is an exercise discretion.  Blue v. Harrah's N. Kansas City, LLC, 170 S.W.3d 466, 479 (Mo.Ct.App.20050.

Lastly, Plaintiff notes that the cases cited by Defendants regarding the discretionary decision to arrest are appellate court decisions as opposed to Missouri Supreme Court cases.  Ironically, the Missouri Supreme Court case cited by Plaintiff in support of his position that an arrest by police officers is a ministerial act does not in fact make such a clear cut conclusion.  I suspect if Plaintiff located a case specifically on point, such case would have been cited in his response.  As of today, Defendants have only located appellate court decisions specifically on point.

In this case, Officer Allen and Lt. Harper are protected by official immunity because based on their experience, circumstances as observed and information received from the only two individuals involved, they exercised discretionary judgment to arrest Plaintiff.

**B.  Public Duty Doctrine protection**

The officers are also entitled to protection from liability under the public duty doctrine.  Public employees are not liable under state-law for injuries or damages sustained by a particular individual resulting from a breach by the employee of a duty owed to the general public.  Barthelette v. Sanders, 756 S.W.2d 536, 538 (Mo. 1988).  The policy behind the public duty

12

doctrine is to protect modestly paid public employees from unwarranted claims and distraction. Scher v. Purkett, 847 S.W.2d 76, 78 (Mo.App., W.D. 1992). The public duty doctrine applies to the acts and omissions of police officers. See Cooper v. Planthold, 857 S.W.2d 477, 479 (Mo.App., E.D. 1993). The duties of police officers are owed to the general public, not particular individuals. Spotts v. City of Kansas City, 728 S.W.2d 242, 247-48 (Mo.App., W.D. 1987). To the extent that Officer Allen and Lt. Harper breached any duty while arresting Plaintiff on February 3, 2008, it was a duty owed to the public and not to Plaintiff. As a result, the public duty doctrine protects them from civil liability.

## CONCLUSION

In light of the foregoing, Officer Allen and Lt. Harper respectfully requests this Court enter summary judgment in their favor and grant such other relief as this Court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/Dana Walker Tucker*
Dana Walker Tucker
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63101
(314) 340-7652 telephone
(314) 340-7029 facsimile

## CERTIFICATE OF SERVICE

     I hereby certify that on this 19th day of January, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Courts electronic filing system to:

Matthew J. Devoti #84877
10 South Broadway, Suite 825
St. Louis, Missouri 63102
*Attorney for Plaintiff*

Cynthia D. West, #5245758
625 N. Euclid
Suite 534
St. Louis MO 63108
*Attorney for Defendant Jones*

                                        */s/ Dana Walker Tucker*
                                        Chief Counsel, Eastern Region